IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP ALLEN WARREN<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Defendant. | Civil Case No.　　1:14-cv-230-BLW<br><br>Criminal Case No. 1:12-cr-286-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a petition for writ of habeas corpus filed under 28 U.S.C. § 2255(f)(3) by petitioner Warren to vacate or correct his sentence. The petition is fully briefed and at issue. For the reasons explained below, the Court will deny the petition and dismiss this case.

## BACKGROUND

Warren was charged with one count of distribution of methamphetamine and a second count of possession of a firearm. Represented by counsel, Warren entered into a plea agreement in which he pled guilty to both counts. His plea agreement recognized that he faced a mandatory minimum sentence of 20 years.

A presentence report set the offense level at 36 and the criminal history category at VI, resulting in a Guideline range of 324 to 405 months. Defense counsel's objections were rejected the probation officer and the case proceeded to sentencing. The Government filed a motion under § 5K1 seeking a four level reduction that would have

reduced the range to 210 to 262 months. At sentencing, the Government recommended a further reduction, seeking a sentence of 188 months. Defense counsel argued for 168 months. Judge Bryan sentenced Warren to 182 months (giving him 6 months of time served).

Warren filed his § 2255 petition, and the Government responded by seeking to dismiss the petition. The petition is fully briefed.

## LEGAL STANDARD

Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. U.S.*, 417 U.S. 333, 344–45 (1974). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea and sentencing. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also U.S. v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir.2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under § 2255, just as it does to those under § 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *U.S. v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting § 2255). The Court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so

**Memorandum Decision & Order – page 2**

palpably incredible or patently frivolous as to warrant summary dismissal." *U.S. v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996).

In his plea agreement, Warren retained the right to file one habeas petition for ineffective assistance of counsel if his motion was based solely on information not known to him at the time the court imposed sentence, and in the exercise of reasonable diligence, the information could not have been known by him at that time. Warren has restricted his arguments accordingly.

## ANALYSIS

Warren states that his attorney was ineffective for failing to tell him about the harsh potential sentence he faced. But in his plea agreement, he was informed that the penalty on Count 1 could range from 20 years to life. *See Plea Agreement (Dkt. No. 24).* He was informed of the same thing at his plea hearing by Chief Magistrate Judge Dale. *See Minute Entry (Dkt. No. 21).* The sentence he actually received was far less than 20 years. He cannot argue now that he was not told about the potential long sentence he could receive

Warren complains that his attorney had a secret deal with the Government that abandoned Warren's objection that he should not receive a three-level enhancement for his role in the offense. Warren's counsel did originally raise an objection to the enhancement, but the probation office rejected that objection. Later, the two sides reached an agreement that Warren would drop his objection in return for a § 5K1 motion from the Government, that would take the sentence below 20 years.

This deal was no secret – it was discussed at the sentencing hearing, and Warren raised no objection. Indeed, Warren received a substantial benefit from the deal. The Government not only moved to reduce the offense level by 4 points in its § 5K1 motion, but then recommended an even further reduction – in effect, reducing the offense level yet another point – by asking for a sentence of 188 months. In essence, Warren's counsel gave up an objection to a 3-level enhancement to get a 5-level reduction. That beneficial outcome cannot be considered ineffective assistance.

Warren complains further that his attorney should have objected to (1) joining the firearm count with distribution count, and (2) applying the two-point enhancement for using a firearm. Warren points out that the distribution charge occurred on March 15, 2012, and it was not until about three months later, on June 13, 2012, that Warren was found with the firearm that formed the basis for the firearm possession charge. He argues that the two events are so separated in time that they should not have been joined together and the firearm enhancement should not have been applied.

Resolving these claims requires a review of the facts. On June 13, 2012, the police had received a tip that Warren would be buying a pound of meth at the Westin Inn in Twin Falls. As the police surveilled the hotel, Warren arrived and began knocking on a hotel room door when he saw the police. He turned and walked back to his truck and threw a bag under his truck, a bag that police later found to contain the firearm. At that time, Warren was arrested.

Warren admitted in his plea agreement that (1) he "arrived at the hotel [on June 13, 2012] intending to purchase methamphetamine"; and (2) that he "knew" he was

**Memorandum Decision & Order – page 4**

carrying a firearm.  *See Plea Agreement, supra* at p. 4.  But he points out that he never admitted using or possessing the firearm during the March 15, 2012 drug sale.  He argues that it is improper to join these two unrelated offenses and to use the enhancement when the firearm was found three months after the drug offense.

The Circuit has rejected a similar argument.  *U.S. v. Pitts,* 6 F.3d 1366, 1373 (9th Cir.1993) (affirming enhancement even though firearm was found 2 months after last drug deal).  A number of other Circuits agree.  *See U.S. v. Heckard,* 238 F.3d 1222 (10th Cir. 2001) (affirming joinder of firearm charge with distribution charge and application of firearm enhancement even though firearm was found 24 days after last known drug activity); *U.S. v. Johnson,* 227 F.3d 807 (7th Cir. 2000) (affirming firearm enhancement even though firearm possession did not occur during the transactions for which defendant was convicted); *U.S. v. Caicedo,* 103 F.3d 410 (5th Cir. 1997) (affirming firearm enhancement even though firearm was discovered two and one-half months after drug deal).

The analysis in these cases is as follows.  The Guidelines allow for the two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed."  *See* § 2D1.1(b)(1).  The comments to that section state that "[t]he enhancement may be applied if the weapon was present unless it is clearly improbable that the weapon was connected with the offense."  *Id.*  In determining if the "clearly improbable" standard is met, a court may look to all of the acts that were part of the same course of conduct or common scheme or plan as the offense of conviction, and not just the crime of conviction itself.  *U.S. v. Willard*, 919 F.2d 606, 609 (9th Cir.1990).  In the *Willard* case, the Ninth

**Memorandum Decision & Order – page 5**

Circuit held that "[t]he district court properly found that appellant possessed firearms during the period of time in which he was involved in the drug trade."

Here, Warren admitted that he knowingly brought a firearm to a drug deal that was the culmination of his involvement in the drug trade. It is not "clearly improbable" that Warren's firearm was "connected with the offense." Consequently, the Court properly applied the two-point enhancement.

**Failure to Show Video**

Warren argues that his counsel was ineffective for failing to use a video that would have shown conclusively that Warren did not use a firearm during the March 15, 2012, drug transaction. But as just discussed, this does not matter. Warren admitted possessing the firearm at a drug transaction on June 13, 2012, and that is sufficient to warrant the enhancement. So even assuming the contents of the video are as alleged by Warren, it would make no difference.

**Conclusion**

The Court finds that no hearing is necessary because "the files and records of the case conclusively show that the prisoner is entitled to no relief." *Blaylock*, 20 F.3d at 1465. Under the narrow challenge allowed by the plea agreement, there is no evidence that Warren was deprived of necessary information by his counsel in plea and sentencing negotiations and proceedings. Accordingly, the Court will dismiss this petition in a separate Judgment as required by Rule 58(a).



DATED: April 17, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court