IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILLIP ALLEN WARREN<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | Case No. 1:12-CR-286-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

The Court has before it a motion to correct sentence filed by defendant Warren. Warren claims that "it was understood" he would get credit for a certain period of time he served in prison but the Bureau of Prisons failed to give him that credit. He asks the Court to reduce his sentence by the amount of that time served.

Judge Bryan presided over the sentencing. He agreed with the parties that Warren should get six-months credit – for the period between June 12, 2012, and December 18, 2012 – for time he served in state prison for the same incident. Recognizing that the Bureau of Prisons (BOP) would not give credit for this six-month period (because Warren was not in federal custody), Judge Bryan took 6 months off the sentence he imposed.

That sentencing occurred on October 10, 2013. Warren now moves under 28 U.S.C. § 2255 to correct his sentence because "it was anticipated by the parties" that the BOP would grant Warren an additional credit for the period between December 18, 2012

**Memorandum Decision & Order – page 1**

to October 15, 2013.  Warren claims that the BOP has not given him that credit and he asks the Court to reduce his sentence by those 10 months.  Warren submits nothing to show that it "was anticipated by the parties" that he would get this credit.

Warren's motion under § 2255 was filed years after his sentencing.  Warren makes no claim that the BOP only recently decided to deny him credit, so it appears that his motion is barred by the one-year statute of limitations under § 2255.  *See U.S. v. Axtell,* 2009 WL 3060207 (D.Id. Sept. 22 2009).

But even if not barred by § 2255's limitations period, Warren's motion is barred by another statutory provision.  A claim by a federal prisoner that the BOP failed to grant credit for time served is an attack upon the execution of the sentence for which the proper remedy is in habeas corpus under 28 U.S.C.A. § 2241.  *Mujahid v. Daniels,* 413 F.3d 991 (9th Cir.2005).  Before a prisoner may seek relief, he must exhaust BOP's administrative remedies by seeking the credit to which he is legally entitled.  *U.S. v. Checchini,* 967 F.2d 348, 350 (9th Cir.1992).  Moreover, a § 2241 claim must be brought in the district of confinement rather than in the sentencing court.  *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000).

Warren has brought his motion under § 2255 but he should have relied on § 2241.  He has not presented any evidence that he has exhausted the BOP's administrative remedies.  Moreover, he is incarcerated in Sheridan Oregon, and so must file any challenge to the BOP in that district.

For all these reasons, the Court will deny the motion.

# ORDER

**Memorandum Decision & Order – page 2**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reduce sentence (docket no. 54) is DENIED.

DATED: March 20, 2017

B. Lynn Winmill
Chief Judge
United States District Court