UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILLIP ALLEN WARREN,<br><br>    Defendant. | Case No. 1:12-cr-286-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for compassionate release. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

## FACTUAL BACKGROUND

In 2013, Warren pled guilty to a two count information charging him with one count of distribution of methamphetamine and one count of unlawful possession of a firearm. His sentence of 182 months imprisonment was later reduced to 147 months to account for time served. He has served about 79 months of that sentence.

Warren will turn 53 years old in November of 2020. He suffers from colon cancer (stage IV) and has two "lesions in left lobe of liver." *See Exhibit 1 (Dkt. No. 79-1).* Surgery to remove those lesions in April of 2020 was delayed apparently due to COVID-19. *See Exhibit C (Dkt. No. 82).* Warren also suffers from hepatitis C and hypertension. He is incarcerated at FMC Butner where there has been a large outbreak of COVID-19 among inmates and staff. Butner's Warden denied Warren's request for a compassionate

release on the grounds that Warren (1) had an indeterminate life expectancy; (2) was "independent with [his] self-care; and (3) was undergoing treatment with the goal being a cure. *See Exhibit B (Dkt. No. 81-1).*

Warren has now filed a motion to reduce his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c).  The Government objects to a compassionate release, and the Probation Office cannot approve his release plan.

## LEGAL STANDARDS

In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

The advanced stage of Warren's colon cancer (stage IV) puts him at risk for serious consequences if he contacts the COVID-19 virus that is rampant at the Butner facility.  That satisfies the second condition for compassionate release set forth above.

**Memorandum Decision & Order – page 2**

But the third condition is not satisfied:  Warren's release will pose a danger to the safety of the community given his long criminal history and his insufficient release plan.

Warren was sentenced as a career offender who trafficked large quantities of methamphetamine and unlawfully possessed a firearm.  *See Presentence Report (Dkt. No. 34).*  Including the current offense, he has been convicted and sentenced to prison on six felony offenses.  *Id.* at ¶¶ 66-85.  At the time of this offense, he was on parole for two separate felony offenses.  *Id.* at ¶ 87.  His past criminal history shows that he "has numerous probation and parole violations, as well as violations while incarcerated in the Ada County jail." *See Probation Recommendation (Dkt. No. 35).*  Just three months ago, Warren admitted to a prison disciplinary charge that he had used drugs or alcohol.  *See Record (Dkt. No. 81-3).*

This history makes it likely Warren will reoffend if released.  And his physical condition does not appear to have deteriorated to the point where it would prevent him from engaging in criminal conduct.  According to his own handwritten note dated February 11, 2020, his doctor told him that without treatment, he would "live around 2 years" and that if he was treated he "would have a 30 to 35% chance chemo would kill all cancer." *See Note (Dkt. No. 79-7).*  He is getting treatment, although it is delayed just as treatment everywhere has been delayed.  *See Exhibit C (Dkt. No. 82).*  Nothing in the record shows that his colon cancer has so debilitated him that it would prevent him from returning to selling drugs and obtaining firearms.

At the very least, Warren would have to be closely monitored if released.  Yet, the Probation Office reviewed Warren's release plan and concluded that the "negatives

outweigh the positives." *See Exhibit A (Dkt. No. 81-1).*  They are concerned that he needs close supervision due to his "significant criminal history" and "long history of substance abuse" yet would be released to a remote area of Nevada far from the nearest Probation Office. *Id.*  By making monitoring difficult, Warren's release plan fails to mitigate the danger that he will fall back into criminal conduct.

For all these reasons, the Court finds that Warren's release would pose a danger to the community.  Accordingly, the Court will deny the motion.

## ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reduce sentence (docket no. 79) is DENIED.

DATED: June 19, 2020

B. Lynn Winmill
U.S. District Court Judge