UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PHILLIP ALLEN WARREN,<br><br>　　　　　　Defendant. | Case No. 1:12-cr-286-BLW<br><br>**ORDER** |

　　　　Before the Court are multiple motions filed by Mr. Warren. Dkt. 85-93. Mr. Warren seeks reconsideration of the Court's order denying his previous motion for compassionate release, advises the Court of a new release plan, seeks appointment of counsel, and moves for ineffective assistance of counsel.

　　　　Warren, through counsel, filed a motion for compassionate release. Dkt. 79. The Court denied the motion. Dkt. 84. Warren suffers from stage IV colon cancer, lesions in the left lobe of his liver, hepatitis C and hypertension. The Court found that these medical conditions coupled with the current COVID-19 pandemic demonstrated extraordinary and compelling circumstances. However, the Court found that Warren's health had not degraded to a point that he would not be a danger to society if released. *Id.* Warren was sentenced as a career offender who trafficked in large quantities of methamphetamine and unlawfully possessed a

**ORDER - 1**

firearm. He has been convicted and incarcerated on six felony offenses. At the time of the offense, leading to his current incarceration, he was on parole for two separate felonies. Warren has numerous parole and probation violations and admitted to a disciplinary charge for drug use in prison.

The Court also found that Warren's release plan – to a remote area of Nevada – was not sufficient to mitigate the danger that he would fall back into criminal conduct. *Id.* In his motions Warren has provided several alternative release plans including living with his brother in Boise, a friend in Jerome, or his father. *See* Dkt. 85, 87.

Warren's medical condition and criminal history have not changed since the Court denied his first motion for compassionate release. The only changed condition is Warren's proposed release plan. This alone is not sufficient to overcome the Court's finding that he will not pose a danger to society as required by 18 U.S.C. §§ 3582(c)(1)(A) and 3553(a). Warren is still likely to reoffend if released. While his newly proposed release plan may mitigate some of the risk of his release, by allowing closer monitoring by probation, it does not overcome Warren's criminal history and unwillingness to comply with the terms of probation or supervised release. Accordingly, the Court will deny his motions.

**IT IS ORDERED that:**

1. Warren's Motions for Reconsideration (Dkt. 85, 86) are DENIED.

**ORDER - 2**

2. Warren's Motions for Compassionate Release (Dkt. 89, 90) are DENIED.

3. Warren's Motions for Appointment of Counsel (Dkt. 91, 92) are DENIED.

4. Warren's remaining motions (Dkt. 87, 88, 93) are DENIED.

DATED: January 4, 2021

B. Lynn Winmill
U.S. District Court Judge

ORDER - 3